IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-286-SMY |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pursuant to 42 U.S.C. § 1383(c), Plaintiff Michelle L. Johnson seeks judicial review of a final decision by the Commissioner of the United States Social Security Administration denying his claim for social security benefits (Doc. 1). That decision denied Johnson's claim for social security benefits. Now pending before the Court is Johnson's motion for leave to proceed *in forma pauperis* ("IFP") without prepaying the filing fee (Doc. 2).

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). The statute also requires the Court to scrutinize the Complaint filed by an indigent plaintiff and to dismiss it if (a) the allegation of poverty is untrue; (b) the action is frivolous or malicious; (c) the action fails to state a claim upon which relief can be granted; or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). While § 1915 generally applies to *pro*

*se* litigants, SDIL Local Rule 3.1(c)(1) contemplates that pauper status may also be granted to an applicant who is represented by an attorney.

Johnson has submitted the requisite affidavit which indicates that she is currently unemployed. She receives $400 per month in food stamps and $220 per month in child support for her minor child. Johnson's father helped support her in the past, but he recently passed away. Under these circumstances, the $400.00 filing fee presents a significant hardship and the Court cannot conclude that Johnson's allegation of poverty is "untrue." Thus, the Court finds her to be indigent within the meaning of § 1915(a)(1). Moreover, the Court cannot conclude that the action is frivolous or malicious. Johnson alleges that she timely filed her appeal and that she has exhausted her administrative remedies. Johnson's Complaint does not fail to state a claim upon which relief can be granted, and the named Defendant is not immune from suit for the requested relief. Accordingly, the motion for pauper status (Doc. 2) is **GRANTED**.

Typically, the Court would direct the Clerk's Office to prepare and issue summons for the named defendant. However, Johnson is represented by counsel: Howard Olinsky of Syracuse, New York. Therefore, the Court leaves to Counsel the responsibility of accomplishing service of process. If Mr. Olinsky believes that 28 U.S.C. § 1915(d) or Federal Rule of Civil Procedure 4(c)(3) requires the United States Marshal to serve process in this case, he should immediately file a motion with the Court.

**IT IS SO ORDERED.**

**DATED:** May 20, 2021

**STACI M. YANDLE**
**United States District Judge**